UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DYLAN MARC EWER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFERY MORIN, SHANE TYRELL, )<br>GREGORY CURRY, SANDRA CYR, and )<br>MICHAEL NILES, )<br>)<br>Defendants. ) | Civil No. 1:17-cv-00187-NT |

**ANSWER**

Defendants Jeffrey Morin, Shane Tyrell, Gregory Curry, Sandra Cyr, and Michael Niles hereby answer the Complaint as follows:

**1. Previous Lawsuits**

Defendants are without sufficient knowledge or information to admit or deny the allegations in section 1.

**II. Place of Present Confinement**

Defendants admit that Plaintiff is incarcerated at the Maine State Prison.

    A.    Defendants admit the allegations in paragraph A.

    B.    Defendants admit the allegations in paragraph B.

**III. Parties**

    A.    Defendants admit the allegations in paragraph A.

    B.    Defendants admit that Jeffrey Morin is the Superintendent of Mountain View Correctional Facility, formerly the Mountain View Youth Development Center.

C.     Defendants admit that at all relevant times Shane Tyrell was Juvenile Facility Operations Supervisor, Gregory Curry was a Juvenile Program Supervisor, Sandra Cyr was a Juvenile Program Worker, and Michael Niles was a Juvenile Program Worker. Defendants admit that at all relevant times the Defendants were employed at the Mountain View Youth Development Center.

IV.    **Statement of Claim**

*See* Defendants' responses to Plaintiff's attached complaint below.

**22.    Relief**

Defendants deny that Plaintiff suffered any constitutional violations. The remainder of this paragraph states a claim for relief for which no response is required.

I.    **Preliminary Statement.**

1.    Defendants admit that Plaintiff suffered a broken jaw. Defendants deny the remaining allegations in paragraph 1.

II.    **Parties**

2.    Defendants admit the allegations in paragraph 2.

3.    Defendants admit that at all relevant times Jeffrey Morin was the Superintendent of Mountain View Youth Development Center. Defendants deny the remainder of paragraph 3, which states a legal conclusion.

4.    Defendants admit that at all relevant times Jeffrey Morin was responsible for the safety and well-being of residents at Mountain View Youth Development Center and that Jeffrey Morin was the final policymaker at Mountain View Youth Development Center on issues of resident safety. Defendants deny the remainder of paragraph 4, which states a legal conclusion.

5. Defendants admit that at all relevant times Shane Tyrell was a Juvenile Facility Operations Supervisor at Mountain View Youth Development Center. Defendants deny the remainder of paragraph 5, which states a legal conclusion.

6. Defendants admit that at all relevant times Gregory Curry was a Juvenile Program Supervisor at Mountain View Youth Development Center. Defendants deny the remainder of paragraph 6, which states a legal conclusion.

7. Defendants admit that at all relevant times Sandra Cyr was a Juvenile Program Worker at Mountain View Youth Development Center. Defendants deny the remainder of paragraph 7, which states a legal conclusion.

8. Defendants admit that at all relevant times Michael Niles was a Juvenile Program Worker at Mountain View Youth Development Center. Defendants deny the remainder of paragraph 8, which states a legal conclusion.

**II. Factual Allegations**

9. Defendants admit the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants are without sufficient knowledge or information to admit or deny that multiple "complaints" were made on or before July 19, 2013, regarding Plaintiff being the target of assault by other residents.

16. Defendants deny the allegations in paragraph 16.

17. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 19.

20. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 20.

21. Defendants admit that Roxanne Ewer talked to Shane Tyrell. Defendants deny the remaining allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants admit that Plaintiff's jaw was broken. Defendants deny that more than one resident hit Plaintiff.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants admit that Plaintiff suffered a broken jaw and required surgery and medical treat at Eastern Maine Medical Center. Defendants deny the remainder of paragraph 35.

36. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 36.

### III. Cause of Action

### Count One

37. Defendants incorporate their responses to the previous paragraphs as if asserted herein.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

### IV. Claims for Relief.

45. Defendants deny that Plaintiff suffered any constitutional violations. The remainder of paragraph 45 states a claim for relief for which no response is required.

AND FURTHER ANSWERING, Defendants states the following:

### AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's injuries are the result of his own conduct and his recover is barred.

3.      Any recovery by the Plaintiff must be reduced by an amount attributable to his own fault.

4.      Plaintiff's injuries are the result of conduct of a third person, for whose conduct the Defendants are not responsible.

5.      Defendants are entitled to qualified immunity for their actions.

6.      Plaintiff's claim is barred by his failure to properly exhaust all administrative remedies.

7.      Plaintiff's claim is barred by the doctrine of res judicata.

Wherefore, Defendants request that judgment be entered in their favor and that they be awarded costs and attorney fees.

Dated: September 29, 2017                                       /s/ Jason J. Theobald_____
                                                                                 Jason J. Theobald, Esq.
                                                                                 Assistant Attorney General
                                                                                 Attorney for Defendants

                                                                                 Office of the Attorney General
                                                                                 Six State House Station
                                                                                 Augusta, ME 04333-0006
                                                                                 (207) 626-8800

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the above document with the Clerk of the Court using the CM/ECF system and caused one copy of this filing to be served Dylan Marc Ewer, Maine State Prison, 807 Cushing Rd., Warren, ME 04864, by having the same deposited in the United States Mail, postage prepaid.

Dated: September 29, 2017                                       /s/ Jason J. Theobald_____
                                                                                Jason J. Theobald, AAG