UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DYLAN MARC EWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:17-cv-00187-NT |
| ) | |
| JEFFREY MORIN, SHANE TYRELL, ) | |
| GREGORY CURRY, SANDRA CYR, and ) | |
| MICHAEL NILES, ) | |
| ) | |
| Defendants. ) | |

MOTION FOR SUMMARY JUDGMENT OF THE DEFENDANTS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Defendants Jeffrey Morin, Shane Tyrell, Gregory Curry, Sandra Cyr, and Michael Niles hereby move for summary judgment on all claims brought by Plaintiff Dylan Marc Ewer. As grounds for this motion, Defendants state that Plaintiff has failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA").

**Memorandum of Law**

**I.   Background**

At the time he filed his complaint, Plaintiff Dylan Marc Ewer was a prisoner incarcerated at the Maine State Prison ("MSP"). (Def. S.M.F. ¶ 1.) Ewer alleges that in 2013, when he was a juvenile resident at the Mountain View Youth Development Center ("MVYDC"), Ewer was assaulted by other juvenile residents and that the Defendants failed to protect him. (*Id.* ¶ 6.) Ewer filed his complaint on May 24, 2017. (ECF No. 1.) The Court ordered the complaint to be served on July 31, 2017. (ECF No. 17.) Ewer was released from prison on September 29, 2017. (Def. S.M.F. ¶ 3.) Defendants now move for summary judgment on all of Ewer's claims based on Ewer's failure to exhaust available administrative remedies.

**II.     Standard of Review**

Summary judgment is appropriate when, based on the record before the court, it appears there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of evidence to support the non-moving party's case in order to obtain summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party makes a sufficient showing, the burden shifts to the non-moving party to produce specific evidence demonstrating a material dispute for trial.  *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir. 1994).  "Though summary judgment is difficult to navigate as a *pro se* plaintiff the pleading burden of the federal and local rules of civil procedure apply to represented and unrepresented parties alike."  *Carlson v. Rent-A-Ctr., Inc.*, 237 F. Supp. 2d 114, 116 (D. Me. 2003).

**III.    Argument**

The PLRA provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The United States Supreme Court has held the language of the PLRA is mandatory.  *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856 (2016).  The PLRA's exhaustion requirement applies to all prisoner suits regarding prison life, regardless of whether they involve general circumstances or specific events.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The exhaustion requirement also applies even if the remedy sought is not available in the administrative process.  *Id.* at 524.  Moreover, exhaustion must be "proper", meaning the prisoner must complete all steps of the administrative review in accordance with the procedural rules, including all deadlines and other critical procedures.  *Woodford v. Ngo*, 548 U.S. 81, 88-93 (2006).  Thus, a

prisoner must file all grievances and complete all administrative appeals as required by the procedural rules prior to the commencement of any action. *Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 512 (1st Cir. 2006) (citation omitted).

For purposes of the exhaustion requirement, a plaintiff's status as a "prisoner" is determined at the time the action is commenced, even if the plaintiff is later released. *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002). The PLRA defines a "prisoner" as "*any person* incarcerated or detained *in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."[1] 42 U.S.C. § 1997e(h) (emphasis supplied). Thus, the PLRA's exhaustion requirement applies equally to residents of juvenile facilities. *Molina v. New York*, 697 F. Supp. 2d 276, 282 (N.D.N.Y. 2010). Moreover, even if a prisoner is released and reincarcerated or held at a different facility, the exhaustion requirement still applies so long as the prisoner is in the custody of the agency against which he had a grievance. *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004) (regarding release and reincarceration); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (regarding incarceration at a different facility).

At the time he filed his complaint, Ewer was a prisoner incarcerated at MSP, a Maine Department of Corrections facility. (Def. S.M.F. ¶¶ 1-2); 34-A M.R.S.A. § 3201-A. Ewer's complaint involves an incident that occurred in 2013 when he was a juvenile resident confined to

---

[1] Similarly, a separate provision of the PLRA defines a "prison" as "any Federal, State, or local facility that incarcerates or detains *juveniles or adults* accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law". 18 U.S.C. § 3626(g)(5) (emphasis supplied); *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006).

the MVYDC, a Maine Department of Corrections facility for the detention and confinement of juveniles. (Def. S.M.F. ¶¶ 4-6); 34-A M.R.S.A. §§ 4101, 4102-A (2010).[2]

Prior to Ewer's confinement at MVYDC, the Maine Department of Corrections adopted a general grievance policy for juvenile facilities, Policy 29.01, *Resident Grievance Process, General* (the "Grievance Policy"), which, except as stated in the policy itself, covers all grievances filed by juvenile residents. (Def. S.M.F. ¶¶ 7-8.) As stated in the Grievance Policy, a resident of a juvenile facility may file a grievance with the Grievance Review Officer for administrative review of any policy, procedure, practice, condition of confinement, action, decision, or event that directly affects the resident, that the resident believes is in violation of his or her rights or is in violation of Department policies or procedures, and for which the resident believes a Department employee or contractor is responsible. (*Id.* ¶ 9.) Thus, Ewer's claims against the Defendants were covered by the Grievance Policy.

The Grievance Policy states that a resident grievance must be filed with the Grievance Review Officer within fifteen days of when any action, decision, or event occurred. (*Id.* ¶ 10.) Ewer alleges that he was assaulted by other residents on July 21, 2013. (*Id.* ¶ 11.) Thus, Ewer was required to file a grievance regarding the incident no later than August 5, 2013.

In 2013, all grievances by juvenile residents at MVYDC were recorded in a handwritten log book. (*Id.* ¶ 12.) According to the log book, Ewer filed a grievance on July 31, 2013, regarding a housing decision. (*Id.* ¶ 13.) Ewer's grievance was dismissed as not grievable, and Ewer filed an appeal. (*Id.* ¶¶ 14-15.) Ewer did not file a grievance regarding the incident on July 21, 2013. (*Id.* ¶ 16.)

---

[2] In June 2017, the Maine Legislature enacted, and the Governor approved, legislation combining the MVYDC with the Charleston Correctional Facility into a single facility and renaming it the Mountain View Correctional Facility. *See* P.L. 2017 ch. 148 §§ 8, 11 (effective June 8, 2017) (available at http://www.mainelegislature.org/legis/bills/getPDF.asp?paper=SP0503&item=3&snum=128).

The above facts demonstrate that Ewer was aware of and had utilized the Grievance Policy as a resident at MVYDC.  Because Ewer failed to file a timely grievance regarding the incident on July 21, 2013, Ewer's complaint must be dismissed for failure to exhaust available administrative remedies.  Accordingly, Defendants are entitled to summary judgment in their favor.

## IV. Conclusion

Based on the foregoing, Defendants respectfully requests that their motion for summary judgment on Plaintiff Dylan Marc Ewer's complaint be granted.

Dated: November 30, 2017                    /s/ Jason J. Theobald_____
                                            Jason J. Theobald, Esq.
                                            Assistant Attorney General
                                            Attorney for Defendants

                                            Office of the Attorney General
                                            Six State House Station
                                            Augusta, ME 04333-0006
                                            (207) 626-8800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, and that he mailed a copy, postage paid, to the Plaintiff at the following address:

Dylan Marc Ewer
469 Main St.
Old Town, ME 04468[*]

Dated: November 30, 2017                    /s/ Jason J. Theobald_____
                                            Jason J. Theobald, AAG

---

[*] Plaintiff Dylan Marc Ewer has represented to counsel for the Defendants that his mailing address is now 469 Main St., Old Town, ME 04468.