UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DYLAN EWER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:17-cv-00187-JCN |
| | ) |
| JEFFREY MORIN, et al., | ) |
| | ) |
| Defendants | ) |

# DECISION AND ORDER
# ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]

In this action, Plaintiff Dylan Ewer asserts that in 2013, while he was a juvenile resident at the Mountain View Youth Development Center, Defendants acted with deliberate indifference toward his safety.

The matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 29.) Through their motion, Defendants contend dismissal is warranted because Plaintiff failed to exhaust the available administrative remedies before he initiated this action. Plaintiff did not file a response to the motion.[2]

---

[1] The parties consented to the undersigned conducting all proceedings in this matter, including the entry of final orders and judgment. (Consent to a Magistrate Judge, ECF No. 35.)

[2] Defendants filed a certificate of service in which they represented that Plaintiff informed defense counsel of two address changes since the filing of this action. Defendants sent the motion for summary judgment to both of the addresses Plaintiff provided to them. (Certificate of Service, ECF No. 33.) Plaintiff did not notify the Court of the two most recent address changes. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also* Information for Pro Se Parties, Responsibilities of the Pro Se Litigant ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may

## BACKGROUND FACTS

Plaintiff asserts that on July 21, 2013, while he was a resident of the Mountain View Youth Development Center (Mountain View) in Charleston, Maine, he was assaulted by other residents. (Defendants' Statement of Material Facts (DSMF), ¶¶ 4 - 6, 11, ECF No. 30.) According to Plaintiff, Defendants, Superintendent Jeffrey Morin, Operations Supervisor Shane Tyrell, Programs Supervisor Gregory Curry, and Correctional Officers Sandra Cyr and Michael Niles, were aware of the risk that Plaintiff could be the victim of an assault. (Complaint ¶ 1.) Plaintiff asserts, however, that Defendants, did not act to protect Plaintiff from harm. (DSMF ¶ 6.)

Plaintiff contends Defendants violated his rights under the Eighth Amendment to the United States Constitution and his rights under the Maine Constitution. (¶Complaint at 11 – 13, ¶¶ 37 – 44.) When Plaintiff filed his complaint, he was incarcerated at the Maine State Prison.[3] In his form complaint, Plaintiff asserted that there was a prisoner grievance procedure at his "place of present confinement," but that he did not "present the facts related to [his] complaint in the state prisoner grievance procedure." (*Id.* at 2.)

At all relevant times, the Department of Corrections (the Department) maintained a general grievance policy. (DSMF ¶ 7; Department of Corrections Policy 29.01, Resident Grievance Process, General (the "Grievance Policy"), ECF No. 30-2.) The policy covers

---

result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online). Plaintiff is evidently aware of his obligation to remain in contact with the Court because, on one prior occasion, he informed the Court of a change of address. (ECF Nos. 21/23.)

[3] On September 29, 2017, Plaintiff was released from prison. (Defendants' Statement of Material Facts ¶ 3, ECF No. 30.)

all grievances by residents of juvenile facilities operated by the Department. (*Id.* ¶ 8.) A resident of a juvenile facility may file with the Grievance Review Officer a grievance for administrative review of any policy, procedure, practice, condition of confinement, action, decision, or event that directly affects the resident, that the resident believes is in violation of his or her rights or is in violation of Department policies and procedures, and for which the resident believes a Department employee or contractor is responsible. (*Id.* ¶ 9; Grievance Policy, Procedure A, pages 2 – 3, ¶ 4.) Pursuant to the policy, a resident grievance must be filed with the Grievance Review Officer within fifteen days of when any action, decision, or event occurred. (DSMF ¶ 10; Grievance Policy, Procedure A, page 4, ¶ 10.)

In 2013, all grievances by juvenile residents at Mountain View were recorded in a handwritten log book. (*Id.* ¶ 12.) According to the log book, Plaintiff filed a grievance on July 31, 2013, log number 13-MV-46, regarding a housing decision. (*Id.* ¶ 13.) The grievance was dismissed. (*Id.* ¶ 14.) Plaintiff filed an appeal from the dismissal. (*Id.* ¶ 15.) Plaintiff did not file a grievance regarding the assault he alleges occurred on July 21, 2013. (*Id.* ¶ 16.)

## DISCUSSION

### 1. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with

respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy*, 782 F.3d 73, 77 (1st Cir. 2015). If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists and summary judgment must be denied to the extent there are supported claims. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)). Summary judgment is appropriate where a claim is unsupported. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

### 2. Analysis

Defendants argue that Plaintiff cannot proceed on his claim because he did not exhaust the available administrative remedies. Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit pursuant to 42 U.S.C. § 1983. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007)

("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.").

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90 – 91. "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

A defendant may raise the § 1997e exhaustion requirement as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Ramos v. Patnaude*, 640 F.3d 485, 488 (1st Cir. 2011) ("The Supreme Court made it plain … that exhaustion under § 1997e(a) is not a jurisdictional condition, and has held it to be an affirmative defense." (citing *Jones,* 549 U.S. at 212)). Because failure to exhaust administrative remedies is an affirmative defense rather than a jurisdictional issue, initially, the defendant bears the burden of proof. *Jones*, 549 U.S. at 216. To satisfy that burden, the defendant must establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca,* 747 F.3d 1162, 1172 (9th Cir.) (en banc), *cert. denied sub nom. Scott v. Albino,* 135 S. Ct. 403 (2014).[4] Thereafter, the plaintiff must

---

[4] To be an available remedy, a grievance procedure must actually apply to the type of claim at issue. *Bean v. Barnhart*, No. 1:13-cv-00196-NT, 2015 WL 3935777, at *5 (D. Me. June 26, 2015) (citing *Booth v. Churner*, 532 U.S. 731, 736 n.4 (2001), and *Malik v. D.C.*, 574 F.3d 781, 785 (D.C. Cir. 2009)). *See also Davis v. Fernandez*, 798 F.3d 290, 294 – 95 (5th Cir. 2015) ("Whenever defendants claim a failure to

5

present evidence that demonstrates "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Here, Defendants have established that an administrative remedy (i.e., a formal grievance process) was available to Plaintiff regarding his claim that Defendants failed to protect him from harm. Defendants have also demonstrated that Plaintiff did not file a formal grievance regarding the matter. Defendants thus have satisfied their initial burden. Plaintiff, therefore, must demonstrate that the administrative remedy was unavailable to him, or, at a minimum, that a factual issue remains in dispute as to the availability of an administrative remedy.

Plaintiff has not challenged Defendants' argument, and the record does not otherwise reflect a material fact in dispute regarding Plaintiff's failure to exhaust the available administrative remedy. Because the uncontroverted record evidence establishes that an administrative remedy was available to Plaintiff and that Plaintiff did not exhaust the remedy, Defendants are entitled to summary judgment.

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendants' Motion for Summary Judgment. Judgment shall enter in favor of Defendants.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of January, 2018.

---

exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him.").